UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA EATON,

                             Plaintiff,

                                                                             DECISION AND ORDER

                                                                             01-CV-6176L

                        v.

ROCHESTER CITY SCHOOL DISTRICT,
et al.,


                             Defendants.
_____

On March 28, 2002, this Court granted summary judgment in favor of all defendants in this civil rights action against the Rochester City School District ("District"), the Rochester Teachers Association ("RTA"), and a number of individual defendants. The District, and the individual defendants associated with the District, as prevailing parties, now move for an award of attorney's fees against plaintiff, Pamela Eaton, under the fee-shifting provisions of 42 U.S.C. §§ 1988, 2000e-5(k), and 12205.[1] For the following reasons, the motion is denied.

**DISCUSSION**

Awarding fees to a prevailing defendant is not mandatory; the relevant statutes provide that such an award may be made within the discretion of the court. *See* 42 U.S.C. § 1988(b) ("In any [civil rights action under] ... this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs"); 42 U.S.C. § 2000e-5(k) ("In any action or

---

[1] For the sake of convenience, references to the "District" will be understood to include those individual defendants as well.

proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee ... as part of the costs"); 42 U.S.C. § 12205 ("In any action ... commenced pursuant to this chapter, the court ..., in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs").

In exercising that discretion, the Court is cognizant that the fee-shifting statutes serve a different purpose depending on whether plaintiff or defendant happens to be the prevailing party. Awards to prevailing plaintiffs are more common, both because a successful civil rights plaintiff has vindicated an important federal policy, and, conversely, because the defendant in such a case has violated federal law. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 769 (2d Cir. 1988) (explaining rationale behind policy of "routinely" awarding fees to prevailing plaintiffs in civil rights actions).

In contrast, an award of attorney's fees in favor of a prevailing *defendant* is appropriate "only when the plaintiff's 'claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so.'" *Parker v. Sony Pictures Entertainment, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "Application of this standard is entrusted to the discretion of the district court ... ." *Parker*, 260 F.3d at 111.

Applying these standards to the case at bar, I find that an award of attorney's fees in favor of the District is not warranted. Although, as stated in my summary judgment decision, I found Eaton's discrimination claims to be meritless, the record indicates that Eaton herself–as opposed to her then-attorney–made no attempt to litigate her case after that decision was issued. Rather, the record reflects that she took affirmative steps to *end* this litigation then and there.

In a letter to the Court dated August 13, 2004, Eaton stated that after receiving notice of the Court's decision dismissing her claims, she wrote to her then-attorney, Emmelyn Logan-Baldwin,

on April 1, 2002, informing her of Eaton's "decision to drop all proceedings" as of that date.[2] (Dkt. #129). Although Logan-Baldwin subsequently filed a notice of appeal on Eaton's behalf, it appears that she did so *without Eaton's permission or even knowledge*. In fact, it seems that the filing and pursuit of the appeal were done contrary to Eaton's express wishes as conveyed to her attorney in the April 1 letter.

The record in this case also indicates that the initial impetus behind Eaton's case was an assault on her by a student in February 2000, which led her to seek legal counsel because of Eaton's belief that school officials had not provided adequate security. Largely through counsel's doing, however, Eaton's case ended up being absorbed into a group of cases, all filed by the same attorney, against the District and the RTA, alleging a host of discrimination and other claims.[3]

I realize that a plaintiff's subjective good faith, or her reliance on counsel's advice, is not a complete defense to a motion for attorney's fees, *see American Fed'n of State, County and Mun. Employees, AFL-CIO (AFSCME) v. County of Nassau*, 96 F.3d 644, 650 (2d Cir. 1996); *Davidson v. Keenan*, 740 F.2d 129, 133 (2d Cir. 1984). That does not mean that such considerations are never relevant, however. *See Tang v. State of Rhode Island*, 163 F.3d 7, 14 n. 9 (1st Cir. 1998) (plaintiff's on lawyer's advice is not a complete defense to attorney's fees claims by defendants, but it does "not necessarily render the plaintiff lawyer's advice irrelevant"). Here, it appears that plaintiff reasonably sought out an attorney's advice to see whether there was any legal recourse available to her in connection with her assault, and that it was not her intent to use that assault as a springboard to launch a full-blown offensive against the school system. When it eventually became clear to plaintiff that this is what her case had become, she took action to put a stop to further prosecution of the suit.

---

[2]The Court granted Logan-Baldwin's request to withdraw as Eaton's attorney on August 18, 2005.

[3]All of those cases have since been dismissed. *See Murphy v. Board of Educ. of the Rochester City Sch. Dist.*, 273 F. Supp.2d 292 (W.D.N.Y. 2003); *Seils v. Rochester City Sch. Dist.*, 192 F.Supp.2d 100 (W.D.N.Y. 2002); *Bliss v. Rochester City School Dist.*, 196 F.Supp.2d 314 (W.D.N.Y. 2002) (dismissing three consolidated cases, including Eaton's).

Furthermore, many of the defects in plaintiff's claims were procedural or involved legal matters that would not necessarily have been apparent to a layperson. For example, some of Eaton's claims were dismissed as time-barred. *See* 196 F.Supp.2d at 324-25. Other claims were dismissed because they had not been included in plaintiff's administrative complaint. *Id.* at 331.

Plaintiff's hostile work environment claim was dismissed because of the lack of evidence of discriminatory animus on defendants' part. *Id.* at 331-32. Her pattern-and-practice claim was dismissed because of the insufficiency of her purely anecdotal evidence. *Id.* at 332-33. While such defects might (and should) be apparent to most lawyers, a layperson might have no familiarity with or understanding of such matters. In particular, a teacher who has been assaulted at school could easily think of her work environment as "hostile," without realizing that "hostile work environment" is a legal term of art that requires a showing of discriminatory motive.

In light of this evidence, then, I do not believe that this is a proper case in which to award attorney's fees to a prevailing defendant. The record before me does not show that Eaton deliberately pursued frivolous claims, or that she continued to litigate this action after its defects became apparent to her. This case certainly points out the dangers of allowing one's attorney free rein concerning what to allege and what types of claims to assert, but on balance, I conclude that Eaton's conduct here does not warrant the imposition of a fee award against her.[4]

## CONCLUSION

The motion for attorney's fees by the Rochester City School District defendants (Dkt. #56 and #86) is denied.

---

[4] Several other motions are pending in this case, all of which relate to or were filed by plaintiff's former counsel. Defendants' motion for Rule 11 sanctions against Eaton's former attorney has been resolved by a settlement agreement. Plaintiff's motions for sanctions and other relief were filed by Logan-Baldwin, and it is clear from plaintiff's letters to the Court and to Logan-Baldwin that she does not wish to pursue them. Those motions are all therefore denied as moot.

Defendants' motion for sanctions (Dkt. #89), plaintiff's motion for sanctions (Dkt. #103), and plaintiff's motion for recusal, discovery, and due process rights (Dkt. #113) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 14, 2006.